## UNITED STATES v. 1,096.84 ACRES IN MARION COUNTY, et al.

### Civ. 293.

United States District Court
W. D. Arkansas, Harrison Division.
Aug. 31, 1951.

Hugh M. Bland, Asst. U. S. Atty., Fort Smith, Ark., for Government.

James S. Newberry, Springfield, Missouri, for landowner.

JOHN E. MILLER, District Judge.

The Declaration of Taking was filed February 23, 1951, under authority of the various Acts of Congress cited in said declaration.

The declaration of the Secretary of the Army, inter alia, alleges: "The public uses for which said lands are taken are as follows: the said lands are necessary adequately to provide for the construction and operation of a flood-control dam and reservoir. The said lands have been selected by me for acquisition by the United states for use in connection with the establishment of the Bull Shoals dam and reservoir and for such other uses as may be authorized by Congress or by executive order."

Attached to the declaration were segment maps showing the lands to be taken and the sum estimated as just compensation.

The defendant, Nora Mitchell Eckles, is the owner of one of the tracts so designated, which tract is described as follows: "Tract M–1207–N½ N½ SE¼ Frl.NE¼ Sec. 9, Twp. 21, North, Range 17 West, in Marion County, Arkansas, containing 10 acres."

A judgment by default fixing just compensation was entered, but upon the statement of the attorney for the landowner that the landowner desired to resist the right of the Government to acquire her land or a portion of it, the judgment was set aside and the landowner was permitted to file objections to the taking of the land by the Government. The objections were filed in the form of "First Amended Answer" and alleges that she had been advised by the Chief of the Real Estate Division, Corps of Engineers, United States Army, that a small portion of the tract lies above the maximum elevation subject to inundation, and she alleged that for that reason the portion lying above the maximum elevation should be eliminated from the taking.

A hearing on the contention of the landowner was held on August 28, at which testimony was heard, and the court, having

considered the record, the testimony and exhibits thereto, now makes and files herein its findings of fact and conclusions of law, separately stated.

## Findings of Fact

### 1

The defendant, Nora Mitchell Eckles, lives near Portland, Missouri, and is the owner of Tract No. M–1207, hereinbefore specifically described in the statement.

The tract is 1320 feet long East and West and 330 feet wide North and South. The East portion of the tract lies below the 654 foot level and all of the tract except approximately 4 acres lies below the 700 foot level. Land lying above the elevation of 700 feet will not be subject to inundation, so it appears that all of the land will be inundated except approximately 4 acres lying in the West end of the tract.

State Highway 125 runs in a Northerly and Southerly direction and within 240 feet of the West line of the tract. The tract of land does not adjoin the highway and the land between the tract and the highway is owned by another individual.

The land on the South, East and Northeast of the tract lies within the reservoir area and has been or will be acquired by the Government and inundated. The land immediately North of the West portion of the tract has not been acquired by the Government nor has the land that lies immediately West of the tract between the West line and the highway been acquired by the Government, but is owned by individuals and the contour lines are so situated as to not make it necessary that the Government acquire those particular tracts.

The defendant has owned the land for approximately 15 years and testified that she had purchased it for the purpose of building thereon a home, but there are no improvements on any portion of the tract, and some of the tract has heretofore been used by adjoining landowners.

The landowner further testified that she had not and did not intend to ask the Government to build a road from Highway 125 to the tract; that she formerly owned an easement or right-of-way from her land to the highway but she had not used it for many years.

The landowner also introduced in evidence a letter written by the then Chief of the Real Estate Division, Corps of Engineers, United States Army, upon which she relied to sustain her right to eliminate a certain portion of the tract from the taking. In that letter it is stated: "While it is true that a small portion of the ten acres included in Tract No. M–1207 will lie above the maximum elevation subject to inundation, it will be necessary to acquire all of the ten acres. This is due to the fact that the portion which will be inundated will be surrounded by Government owned land with no means of ingress and egress to the remainder. The cost of constructing a road to this small amount of acreage would be prohibitive."

### 2

H. C. McKinney, the present Chief, Real Estate Division, Corps of Engineers, United States Army, was called by the court. He testified that according to the contour lines a portion of the tract would not be inundated. The 700 foot contour line crosses the tract in a Northeasterly and Southwesterly direction so that the part not inundated would be more or less triangular in form; that through experience they had found that it was necessary to have an area of varying width between the inundation line and land in private ownership; that because of the smallness of the portion that would not be inundated, all of the tract would be required by the Government for the proper operation of the project.

## Discussion

At the conclusion of the presentation of the defendant's evidence the United States Attorney advised the court that the Government desired to stand upon the contention made in its motion to strike, that the court did not have jurisdiction to review the taking of this property. Essentially, the Government's position amounts to a motion to dismiss on the ground that upon the facts and the law the defendant has shown no right to relief.

The power of the Government to condemn private property for public use is

conceded by all parties, as, indeed, it must be, but the extent to which the courts may review the exercise of that power is not so clearly defined. This is demonstrated by recent decisions of the Supreme Court. In U. S. ex rel. Tennessee Valley Authority v. Welch, 327 U.S. 546, 551, 66 S.Ct. 715, 717, 90 L.Ed. 843, the court stated: "We think that it is the function of Congress to decide what type of taking is for a public use and that the agency authorized to do the taking may do so to the full extent of its statutory authority." Mr. Justice Reed and Chief Justice Stone, concurring in the result, refused to join in the court's opinion because of certain language of the opinion implying that there was no judicial review of the Authority's determination. Mr. Justice Frankfurter, likewise concurring, pointed out that he did not so read the opinion, and observed "I assume that in citing these cases the Court again recognizes the doctrine that whether a taking is for a public purpose is not a question beyond judicial competence."

Certain language of the court in United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209, would indicate that United States ex rel. Tennessee Valley Authority v. Welch, supra, did not change the law, which prior to that case had generally recognized judicial review, by removing all judicial review. On page 243 of 329 U.S., on page 258 of 67 S.Ct. the court stated: "In this case, it is unnecessary to determine whether or not this selection could have been set aside by the courts as unauthorized by Congress if the designated officials had acted in bad faith or so 'capriciously and arbitrarily' that their action was without adequate determining principle or was unreasoned. The record presents no such issue * * *."

All of the decisions agree that if it is admitted or determined that a condemnation is for a public purpose and within the statutory authority, the courts have no power to review the necessity or expediency of the condemnation of particular property. As expressed in United States v. Carmack, supra, 329 U.S. at page 247, 67 S.Ct. at page 260: "The comparative desirability and necessity for the site were matters for legislative or administrative determination rather than for a judicial finding."

■ As the court views the matter there is no question presented in this case which calls for a determination of the extent of judicial review, if any, that may be had of a Congressional determination that a particular use is "public", for it is not and cannot be denied that the use here involved, construction and maintenance of the Bull Shoals Dam and Reservoir, is public. This being so, in so far as the Congress itself is concerned, the extent of the taking, or "the desirability and necessity" for the taking of any particular tract, for the construction and maintenance of the Bull Shoals Dam and Reservoir would appear to be purely legislative and, therefore, not subject to judicial review.

■ It was within the legislative power of Congress to choose the site for the construction of the dam and reservoir, and the only possible inhibition on the power of Congress arises from the Constitution itself, that is, the property taken must be for a public use. No doubt the Congress could have provided that all portions of tracts, segments, or remnants of tracts within the reservoir area lying above the 700 foot contour line should be excluded, but the Congress did not make such a provision. It delegated to the Secretary of the Army the task of carrying out the will of the Congress as expressed in the statute hereinafter referred to.

The Bull Shoals Dam and Reservoir Project was authorized by Act of Congress of August 18, 1941, Public Law No. 228, 77th Congress, 55 Stat. 638, which Act, by section 2, 33 U.S.C.A. §§ 701c note, 701m, incorporated section 3 of the Act of June 22, 1936, Public Law No. 738, 74th Congress, 49 Stat. 1570, 33 U.S.C.A. § 701c, as amended by section 2 of the Act of June 28, 1938, Public Law No. 761, 75th Congress, 52 Stat. 1215, 33 U.S.C.A. § 701c–1, the language of which pertinent for present purposes is as follows: " * * * Notwithstanding any restrictions, limitations, or requirement of prior consent provided by any other Act, the Secretary of War [now Secretary of the Army] is

hereby authorized and directed to acquire in the name of the United States title to all lands, easements, and rights-of-way *necessary for any dam and reservoir project* * * * for flood control, * * *."

▮▮ It will be noted that the authority delegated to the Secretary of the Army is "to acquire in the name of the United States title to all lands, easements, and rights-of-way necessary for any dam and reservoir project * * * for flood control". The Secretary of the Army's determination of "necessity" under this grant of authority is subject to judicial review. The administrative determination has great weight, and the court must give due consideration to the action of an administrative agency in selecting a particular tract of land to be taken, but the administrative agency cannot invoke the political power of the Congress to such an extent as to immunize its action against judicial examination in contests between a citizen and the agency.

▮▮ Under the facts in this record the question before the court is whether the Secretary of the Army's determination of necessity for the taking of this tract was arbitrary and capricious. Before a court can reverse an administrative determination that a taking was necessary there must be a showing on the part of the landowner to the effect that the acquiring agency acted arbitrarily, capriciously and without an adequate determining principle. The landowner has not sustained this burden in this case and the court cannot say that the action of the Secretary of the Army in selecting this tract of land was without adequate determining principle and reason or that his action was arbitrary and capricious.

Therefore, that part of the answer denying the right of the Government to acquire this tract should be stricken.

### Conclusions of Law

1

The court has jurisdiction of the parties and of the subject matter of this cause.

2

The taking of Tract No. M–1207 was for a public use and was within the authority conferred upon the Secretary of the Army by the Congress.

3

Therefore, the objection raised in the answer of the landowner, Nora Mitchell Eckles, to the taking of Tract No. M–1207 is without merit, and the motion of the Government to dismiss that particular defense of the landowner should be sustained.

Tract No. M–1207 will be placed on the trial calendar for a determination of just compensation due the landowner for the taking.

An order in accordance with the above should be entered.