UNITED STATES of America, Plaintiff,

v.

23.9129 ACRES OF LAND, MORE OR LESS, IN SHASTA COUNTY, STATE OF CALIFORNIA; Scott Lumber Company, Inc., a corporation; The Anglo-Safe Deposit Company, a corporation, Trustee; Crocker-Anglo National Bank, a national banking association; R. G. Watt; Alice McCourt Lamm; Alice McCourt Lamm, as Trustee of Trust "B" of the Estate of W. E. Lamm, Deceased; County of Shasta; and Unknown Owners, Defendants.

Civ. No. 8095.

United States District Court N. D. California, N. D.

March 23, 1961.

Laurence E. Dayton, U. S. Atty., J. Harold Weise, and Kendall L. Manock, Asst. U. S. Attys., San Francisco, Cal., for plaintiff.

Severson, Zang, Werson, Berke & Larson, Nathan R. Berke and David C. Bull, San Francisco, Cal., for defendant Scott Lumber Co., Inc.

HALBERT, District Judge.

Plaintiff filed this suit for the purpose of condemning certain land for the construction of highways (Title 40 U.S.C.A. § 257). Plaintiff filed a declaration of taking, in which it was estimated that just compensation for the lands taken would be $15,000, and that the ultimate award would not exceed that amount. Plaintiff deposited this sum with the Court, and the Court thereupon ordered delivery of possession to plaintiff (Title 40 U.S.C.A. § 258a).

After considerable legal maneuvering, the net effect of which seems to have been to pass the time away, defendant Scott Lumber Company (hereafter in this memorandum referred to as Scott) moved this Court to vacate the order of delivery of possession, on the grounds first, that the taking was for a private purpose, and second, that the compensation deposited was grossly inadequate. Many affidavits and briefs later, plaintiff moved for a determination by this Court that the taking in this case was for a public purpose. These motions have been thoroughly briefed, and it is stipulated that they may be considered together. They are now submitted for the rulings of this Court.

■■ It is conceded by Scott that a taking for a road on which to haul Government timber would ordinarily be classified as a taking for a public use. This is the avowed purpose of the taking in this case. It is the law that the power to condemn in such a case as this one is coextensive with the power to purchase (Title 40 U.S.C.A. § 257; and Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809). Where the power to take resides in the Government, it is not for this Court to determine the quantum of estate which may be taken (Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27). With these principles in mind, the Court will proceed to resolve the issues herein.

■■ Scott first protested the taking in this case on the ground that Scott was willing to grant plaintiff a license, upon reasonable terms, to haul Government timber over its land. Scott also protested the demand of the plaintiff for an unrestricted easement, on the ground that this could or would allow the general public to use the roads, with consequent danger of loss to Scott from people careless with fire or people who would steal Christmas trees. As has already been noted, this Court is not invested with the power to determine the quantum of estate to be taken in this case. A mere license or permit to haul timber well might suffice for the Government's purpose. If, however, the Government has the power to condemn a license in this case, then it may condemn an easement, or even a fee, if it so wishes (Berman v. Parker, supra). Moreover, if the Government has the power to *purchase* a license to haul timber over this land, it has the power to *condemn* a license (Title 40 U.S.C.A. § 257). If the Government needs require the license which Scott offered in order to manage the public timber, then obviously the Government could have purchased that license from Scott. It follows then that the Government may with legal propriety condemn the easement which is the subject of this case.

■ This Court need not, and will not, stand idly by and allow administrative officials to take private property arbitrarily, capriciously, in bad faith, or for what is essentially a private purpose (Simmonds v. United States, 9 Cir., 199 F.2d 305; United States v. 1,096.84 Acres in Marion Co., D.C., 99 F.Supp. 544). Scott has, however, failed to bring this case within this established rule. The facts alleged by Scott, taken in the light most favorable to Scott, do not show that the action of the officials has such an arbitrary, capricious, or bad faith quality as to justify interference by this Court.

In support of its position, Scott asserts that the taking is for the private benefit of the "Watt" interests and the "Lorenz" interests. The road to be built will admittedly make it possible to haul Government timber from the Government's "Snow Camp" unit to the Lorenz mill. It will also open access to the timber lands through which it will run, and in so doing, it will benefit the "Watt" interests, who with the Government own alternating units of land in a general checkerboard pattern in this area. The road, of course, will open access to the Government's part of these timber lands at the same time that it is opening access to the Watt and other privately owned lands in the area. The building of the road will give no benefit to Watt which is not given in an equal or greater degree to the Government.

Insofar as the private interest of Lorenz is concerned, it is obvious that the Government could never, in the ordinary course of affairs, sell its timber to a private party unless that party believed that he would gain something by the transaction. In the ordinary course of affairs, the sale of Government timber, like the sale of any other commodity in a free market system, is expected to benefit both parties in some fashion. Rational sales do not take place under any other circumstances.

Scott contends that it would be wiser management, from the Government's viewpoint, to haul the Snow Camp timber to the West, rather than to the East over the proposed road. Scott also suggests that there might be a better alternate route which would not cross Scott's property. It is not the province of this Court to manage the public timber lands. It may well be that the Government officials have selected a route less desirable than some possible alternate, but the record does not disclose that their action has been arbitrary, capricious, or in bad faith. Under these circumstances, this Court may not substitute its judgment on the comparative feasibility and desirability of alternate sites for the proposed road (United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209).

It appears, from the record before the Court, that instead of going in from the perimeter of an inaccessible forest, harvesting the timber section by section, and developing the road a little at a time as necessary for such harvesting, the Government has chosen to put up for bid the more inaccessible Snow Camp area timber. The purpose of this action was to build a large amount of road at once, and thus make all the timber accessible as rapidly as possible. This purpose is a forest management purpose, and it does not show that the taking is arbitrary, capricious, in bad faith or for private purposes.

From the record here, it appears that the road to be built will be built and operated by a private owner under agreement with the Government. There is nothing legally wrong with this procedure. It is not necessary that the road be built and operated by public agencies. The only requirement is that it be built for a public purpose (Berman v. Parker, supra). Insofar as this issue is concerned, it is clear that the taking is for a public purpose.

The record does not support Scott's contention that the amount of the deposit is grossly inadequate. Scott points out that the amount of the deposit does not draw interest. This is true, but it is also true that the amount of the deposit is available to the owner of the land taken upon appropriate application (Title 40 U.S.C.A. § 258a).

In summary, there is nothing in the record now before the Court to indicate that the taking in this case is for a private purpose, or that the ends of justice require, or even suggest, that this Court's order for delivery of possession should be vacated. The only proper action for this Court to take is to deny Scott's motion to vacate that order. Viewed in every light, it is patent that the taking in this case was for a public use. The Government has exercised its powers in such a fashion as to make its acts invulnerable to attack in the fashion which Scott has selected. Such being the situation, it follows that title to the lands in suit is properly vested in the Government. The only issue remaining unresolved in this case is that of just compensation (Title 40 U.S.C.A. § 258a).

It Is, Therefore, Ordered that Scott's motion to vacate the order of delivery of possession heretofore entered by this Court be, and the same is, hereby denied;

It Is Further Ordered that plaintiff's motion for a determination that the taking in this case was for a public purpose be, and the same is, hereby granted;

And It Is Further Ordered that plaintiff prepare and lodge with the Clerk for the Court's signature adequate forms of order sufficient to dispose of each of the motions considered in this memorandum.